YOUR QUESTIONS REGARDING CITY COUNCIL MEETINGS HAVE BEEN REFERRED TO ME FOR A RESPONSE. AS I UNDERSTAND IT, YOU WANT TO KNOW HOW MUCH SPECIFICITY IS REQUIRED FOR AGENDA ITEMS PERTAINING TO MATTERS DISCUSSED IN EXECUTIVE SESSION. YOU HAVE ASKED WHETHER CANDIDATES FOR A CITY MANAGER POSITION WHO ARE INTERVIEWED IN EXECUTIVE SESSION MUST BE LISTED ON THE AGENDA. YOU HAVE ALSO ASKED WHETHER THE RESUMES OF THOSE CANDIDATES MUST BE MADE PUBLIC. FINALLY, YOU HAVE ASKED WHETHER A CITY COUNCIL MAY BAR ACCESS TO A PUBLIC ROOM ADJACENT TO AN INNER CHAMBER IN WHICH THE COUNCIL IS MEETING IN EXECUTIVE SESSION. YOU SHOULD UNDERSTAND THAT WHAT FOLLOWS ARE THE OPINIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL AND THAT THIS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL HIMSELF.
25 O.S. SECTION 311.9[25-311.9] OF THE OKLAHOMA OPEN MEETING ACT, 25 O.S. 301, ET SEQ., REQUIRES A PUBLIC BODY TO POST PUBLIC NOTICES OF THE DATE, TIME AND PLACE OF ITS MEETINGS AT ITS PRINCIPAL OFFICE AT LEAST 24 HOURS PRIOR TO THOSE MEETINGS. SECTION 311.9 ALSO REQUIRES AN AGENDA FOR A PUBLIC BODY'S MEETINGS TO BE POSTED IN A SIMILAR MANNER.
OKLAHOMA COURTS HAVE HELD THAT AGENDAS FOR MEETINGS OF PUBLIC BODIES MUST BE "WORDED IN PLAIN LANGUAGE, DIRECTLY STATING THE PURPOSE OF THE MEETING . . . THE LANGUAGE USED SHOULD BE SIMPLE, DIRECT, AND COMPREHENSIBLE TO A PERSON OF ORDINARY INTELLIGENCE AND EDUCATION." ANDREWS V. INDEPENDENT SCHOOL DISTRICT NO. 29, 737 P.2D 929, 931 (OKLA. 1987), QUOTING HAWORTH BOARD OF EDUCATION OF INDEPENDENT SCHOOL DISTRICT I-6, MCCURTAIN COUNTY V. HAVENS, 637 P.2D 902, 904 (OKLA. CT. APP. 1981). THE FUNCTION OF AN AGENDA IS "TO PROVIDE THE PUBLIC WITH A FACTUAL EXPLANATION OF MATTERS TO BE TAKEN UP AT A MEETING OF A PUBLIC BODY." ATTORNEY GENERAL OPINION 82-081.
OKLAHOMA COURTS HAVE NOT ISSUED ANY DECISIONS THAT PARTICULARLY STATE HOW SPECIFIC AGENDA ITEMS CONCERNING EXECUTIVE SESSIONS MUST BE. HOWEVER, THE ATTORNEY GENERAL'S OFFICE HAS PREVIOUSLY CONCLUDED THAT SUCH ITEMS "SHOULD CONTAIN ENOUGH FACTUAL INFORMATION FOR THE PUBLIC TO ASCERTAIN THAT AN EXECUTIVE SESSION WILL BE PROPOSED" AND FOR THE PUBLIC TO KNOW "WHAT ITEMS OF BUSINESS ARE PROPOSED FOR AN EXECUTIVE SESSION." ATTORNEY GENERAL'S OPINION NO. 82-114.
ACCORDINGLY, AS TO THE MATTER ABOUT WHICH YOU HAVE INQUIRED (AN AGENDA ITEM REGARDING A CITY COUNCIL' 5 INTERVIEWING OF JOB CANDIDATES), I CONCLUDE THAT, UNDER THE OPEN MEETING ACT, A PROPER AGENDA ITEM SHOULD DESIGNATE, AT A MINIMUM, THE POSITION FOR WHICH CANDIDATES WILL BE INTERVIEWED. HOWEVER, I FURTHER CONCLUDE THAT WHETHER SUCH AN AGENDA ITEMS IS MORE SPECIFIC THAN THAT IS A MATTER COMMITTED TO A PUBLIC BODY'S DISCRETION THUS, ALTHOUGH A PUBLIC BODY MAY LIST JOB CANDIDATES UNDER AN AGENDA ITEM REGARDING INTERVIEWS FOR A SPECIFIC POSITION, IS NOT REQUIRED TO DO SO UNDER THE OPEN MEETING ACT. IN MY OPINION, AN AGENDA ITEM STATING "PROPOSED EXECUTIVE SESSION FOR THE PURPOSE OF INTERVIEWING CANDIDATES FOR THE POSITION OF CITY MANAGER" WOULD BE SUFFICIENT.
YOUR SECOND QUESTION, AS TO JOB RESUMES, IS GOVERNED BY THE OPEN RECORDS ACT, 51 O.S. 24A.1, ET SEQ. 51 O.S. 24A.7(A) STATES, IN PART:
"A PUBLIC BODY MAY KEEP PERSONNEL RECORDS CONFIDENTIAL:
 1. WHICH RELATE TO INTERNAL PERSONNEL INVESTIGATIONS INCLUDING EXAMINATION AND SELECTION MATERIAL FOR EMPLOYMENT, HIRING, APPOINTMENT, PROMOTION, DEMOTION, DISCIPLINE, OR RESIGNATION . . ."
RESUMES OF JOB APPLICANTS CONSTITUTE PERSONNEL RECORDS RELATING TO "SELECTION MATERIAL FOR EMPLOYMENT" UNDER 51 O.S. 24A.7(A) AND THUS MAY BE KEPT CONFIDENTIAL BY A CITY COUNCIL.
HOWEVER, IT SHOULD BE NOTED THAT, UNDER 51 O.S. 24A.7(B)(1), THE "EMPLOYMENT APPLICATION OF A PERSON WHO BECOMES A PUBLIC OFFICIAL" IS AVAILABLE FOR PUBLIC INSPECTION. I THINK THAT THE RESUME OF THE SUCCESSFUL CANDIDATE FOR A CITY MANAGER POSITION WOULD CONSTITUTE PART OF HIS OR HER EMPLOYMENT APPLICATION AND THAT, AS A RESULT, A CITY COUNCIL WOULD BE REQUIRED TO MAKE SUCH A RESUME AVAILABLE TO THE PUBLIC.
THE ANSWER TO YOUR FINAL QUESTION (CONCERNING PUBLIC ACCESS TO A PUBLIC ROOM ADJACENT TO AN INNER CHAMBER IN WHICH AN EXECUTIVE SESSION IS BEING HELD) DEPENDS UPON THE PARTICULAR FACTS INVOLVED. SINCE THE PUBLIC MAY BE PROPERLY BARRED FROM AN EXECUTIVE SESSIONS SO THAT MEMBERS OF A PUBLIC BODY MAY ENGAGE IN CONFIDENTIAL COMMUNICATIONS, I THINK THAT CITIZENS COULD BE BARRED FROM A PUBLIC ROOM ADJACENT TO AN INNER CHAMBER IN WHICH AN EXECUTIVE SESSION IS BEING HELD ONLY IF THE PROCEEDINGS IN THE EXECUTIVE SESSION COULD BE OVERHEARD IN THE PUBLIC ROOM. THIS IS, THEREFORE, A MATTER OF ACOUSTICAL RATHER THAN LEGAL CONSTRUCTION.
(ROB RAMANA)